NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 9 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SOOHYUN CHO,

            Plaintiff-Appellee,

 v.

FIRST RELIANCE STANDARD LIFE
INSURANCE COMPANY,

            Defendant-Appellant,

v.

GIORGIO ARMANI CORPORATION,

            Third-party-defendant-Appellee.

Nos.   20-55314, 20-55581

D.C. No. 2:18-cv-04132-MWF-SK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted June 11, 2021
Pasadena, California

Before:  CALLAHAN and FORREST, Circuit Judges, and SEEBORG,[**] Chief
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Richard Seeborg, Chief United States District Judge
for the Northern District of California, sitting by designation.

First Reliance Standard Life Insurance Company ("First Reliance") appeals from the district court's order awarding Soohyun Cho the full amount of her dependent spouse's life insurance policy. First Reliance also appeals from the district court's dismissal of its third-party complaint against Giorgio Armani Corporation ("Armani"). We have jurisdiction pursuant to 28 U.S.C. § 1291, review findings of fact for clear error and legal findings de novo, *Pannebecker v. Liberty Life. Assurance Co. of Boston*, 542 F.3d 1213, 1217 (9th Cir. 2008), and affirm.

First Reliance contends no benefits are due under the terms of the plan and, furthermore, that the inclusion of the non-waiver clause makes *Salyers v. Metropolitan Life Insurance Company* inapposite. 871 F.3d 934 (9th Cir. 2017). On the first point, First Reliance is correct. Though the policy was somewhat sloppily drafted, the "Effective Date of Dependent Insurance" clause emphasizes the evidence of insurability requirement so clearly that no reasonable person would doubt proof of good health was a necessary condition to coverage. Thus, no benefits are due under the terms of the plan.

Nonetheless, Cho is entitled to the benefits for which she paid. Because the plan was self-administered and Armani handled "nearly all the administrative responsibilities," its "direct interaction with plan participants" would have suggested it was acting with "apparent authority on the collection of evidence of

2

insurability." *See Salyers*, 871 F.3d at 940–41 (citation and internal quotation marks omitted). For over a year Armani accepted Cho's premiums without any submission of evidence of insurability though it "knew or should have known" the terms of the plan required such evidence. *See id.* at 941. Armani's actions were "so inconsistent with an intent to enforce" the requirement that it was reasonable for Cho to believe she was not required to submit such evidence. *See id.* (citation and internal quotation marks omitted).

The insertion of a non-waiver clause in the operative policy does not displace this conclusion. The *Salyers* court emphasized that the incorporation of agency principles into the federal common law governing employee benefit plans "creates incentives for diligent oversight and prevents an insurer from relying 'on a compartmentalized system to escape responsibility.'" *Id.* at 940 (citation omitted). Allowing insurers like First Reliance essentially to vitiate *Salyers* and the good behaviors it seeks to promote by including one sentence in their plans would be unfair and unjust. In this case, therefore, Armani is deemed to have waived on First Reliance's behalf the evidence of insurability requirement.

Separately, First Reliance cannot maintain a claim for contribution or indemnification against Armani. In *Kim v. Fujikawa*, the court concluded that 29 U.S.C. § 1109, as referenced in 29 U.S.C. § 1132(a)(2), "cannot be read as providing for an equitable remedy of contribution in favor of a breaching

fiduciary." 871 F.2d 1427, 1432 (9th Cir. 1989) (emphasis omitted); *see also Call v. Sumitomo Bank of Cal.*, 881 F.2d 626, 631 (9th Cir. 1989) (rejecting arguments that ERISA authorizes contribution among co-fiduciaries and noting "[t]he *Kim* opinion is unambiguous and undistinguishable"). Furthermore, there is no indication that Congress, in the course of enacting a comprehensive scheme for the protection of ERISA plans and beneficiaries, intended to "soften[] the blow on joint wrongdoers." *Kim*, 871 F.2d at 1433. First Reliance makes no persuasive argument to avoid application of this settled rule to 29 U.S.C. § 1132(a)(3).

Lastly, the district court's award of attorney's fees to Cho is affirmed. In the absence of opposition from First Reliance, her additional request that the action be remanded for consideration of fees incurred since the last award is granted.

**AFFIRMED.**